IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HADJI LLC C/O LARRY HAMILTON JR., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-25-0097 |
| UNIQUE TRANSPORTATION LLC, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff "Hadji LLC c/o Larry Hamilton Jr." filed suit against Unique Transportation LLC. (ECF No. 1.) Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2.) The Motion will be granted, and Plaintiff will be directed to show cause why the Court should not dismiss this action.

"[U]nder 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted." *Harris v. Janssen Healthcare Prods.*, Civ. No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015). Further, "[u]nder 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level' and that 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In addition, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citations and internal quotation marks

omitted).

As an initial matter, it does not appear that this Court has jurisdiction over this case. Plaintiff explains that the Court has federal question and diversity jurisdiction over this case. With respect to federal question jurisdiction, although the Complaint references the Fifth Amendment, the Eighth Amendment, the Fourteenth Amendment, and the False Claims Act, nothing in the Complaint suggests that Plaintiff has a claim arising under the Constitution or a federal statute. Rather, Plaintiff appears to raise some type of contract dispute. (*See, e.g.*, ECF No. 1 (explaining that the Defendant "as cruel and unusual punishment due to deliberate indifference breached an established contract").) With respect to diversity jurisdiction, although Plaintiff alleges that he is a citizen of Maryland and that the Defendant is a citizen of Illinois, he does not appear to plausibly allege that over $75,000 is in controversy. While he alleges that seeks millions of dollars in damages, he also alleges that the contract was worth two and three thousand dollars. (ECF No. 1 at 6, 7.)

Further, to the extent Plaintiff seeks to bring a breach of contract claim, he fails to state a claim. He provides virtually no factual allegations regarding the contract and how Defendant breached it.

Finally, it is unclear who precisely Plaintiff is, given that he filed his Complaint as "Hadji LLC c/o Larry Hamilton Jr." Plaintiff is reminded that, pursuant to Local Rule 101.1, "[i]ndividuals who are parties in civil cases may only represent themselves" and that "[a]ll parties other than individuals must be represented by counsel."

Given the foregoing, it appears that dismissal of this case is appropriate. Plaintiff will be directed to show cause why this case should not be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff shall SHOW CAUSE on or before March 21, 2025 why this case should not be dismissed; and

2. The Clerk is DIRECTED to MAIL a copy of this Memorandum and Order to Plaintiff.

DATED this __20__ day of February, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge